IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLET D. WARD, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1758-GBW |
| CAMDEN POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** *Pro se* Plaintiff Carlet D. Ward filed this action on December 16, 2021. (D.I. 1) On September 16, 2022, the Court dismissed Defendants Wayne White, Patricia Griffin, and Lester Johnson for failure to timely and properly serve them. (D.I. 40) In response, Plaintiff filed a letter to the clerk construed as a motion for reconsideration of their dismissal. (D.I. 41) The letter also seeks my recusal, requests counsel, and requests the issuance of two subpoenas.

2. **Reconsideration.** Plaintiff argues that the Court erred in failing to enter default, denying her motion for default judgment, and dismissing Defendants White, Griffin, and Johnson. (*See* D.I. 37, 38, 40 and D.I. 41 at 1) The motion for reconsideration will be denied. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration

1

is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

3. The Court has reviewed the matter. There was no error in the ruling as set forth in the August 3, 2022 Memorandum Opinion and Order or in the

September 16, 2022 order that dismissed defendants White, Griffin, and Johnson. Plaintiff's filings were premature given the status and improper service of Defendants. Upon review, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's August 3, 2022 and September 16, 2022 Orders.

4. **Recusal.** Plaintiff seeks my recusal for "judicial error." (D.I. 41 at 1) The motion will be denied. Presumably, Plaintiff seeks my recusal pursuant to 28 U.S.C. § 455. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

5. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal

3

must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 555–56.

6. It is evident in reading Plaintiff's motion that her basis for seeking my recusal is that she takes exception to this Court's rulings. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

7. **Request for Counsel.** Plaintiff states that she is "still waiting for a court appointed attorney for which [she] is entitled to finish this case on [her] behalf." (D.I. 41 at 2) The request will be denied. Plaintiff previously sought, and was denied, counsel. (*See* D.I. 37, 38) Nothing has changed since the

4

denial of her requests. As previously stated, "the court docket does not indicate that she qualifies for counsel under [28 U.S.C.] § 1915." (D.I. 37 at 1)

8. **Issuance of Subpoenas.** Plaintiff requests the issuance of two subpoenas: one to Clerk of Court John Cerino; and the other, a joint subpoena directed to Bob Fenelus and Defendant Camden Police Department. A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted).

9. Plaintiff seeks issuance of subpoenas from a defendant and non-defendants. The joint subpoena to Bob Fenelus and Defendant Camden Police Department is not proper as it is direct to both a defendant and non-defendant. The proper method to obtain discovery from a defendant is set forth in the Federal Rules of Civil Procedure. As to the subpoena directed to John Cerino, the Court finds the subpoena oppressive as it seeks information not relevant to the issues in Plaintiff's case. Plaintiff is advised that she may obtain copies of documents on the record (*i.e.*, signed entry of default and motion for default judgment) by making a request to the Clerk's Office and paying the copywork fee of fifty cents ($.50) per page.

10. **Conclusion**.   For the above reasons, the Court will deny all requests made in Plaintiff's letter/motion.   (D.I. 41)   An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

October 21, 2022
Wilmington, Delaware