IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARLET D. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 21-1758-GBW |
| | ) | |
| CAMDEN POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Carlet D. Ward, Pro se Plaintiff, Dover, Delaware.

Scott G. Wilcox, Esquire, Moore & Rutt, PA, Wilmington, Delaware.   Counsel for Defendants Camden Police Department, Town of Camden, Harold K. Brode, and Diane M. Rager.

David J. Bever, Esquire, Barros, McNamara, Malkiewicz & Taylor, P.A., Dover, Delaware.   Counsel for Defendant Barros, McNamara, Malkiewicz & Taylor, P.A.

**<u>MEMORANDUM OPINION</u>**

February 17, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

Plaintiff Carlet DeEtta Ward, proceeding *pro se*, commenced this action on December 16, 2021.   (D.I. 1).   Before the Court are Defendants' motions to dismiss.   (D.I. 21, 25, 29).   Plaintiff has filed a response in opposition to one of the motions, and the time to respond to the other two has passed.   (D.I. 28). Also before the Court is Plaintiff's letter request for replevin.   (D.I. 42).

## I.    BACKGROUND

In the Complaint, which Plaintiff states is being brought under "Hate Crime Statutes," Plaintiff named as Defendants, as relevant, the Camden Police Department and Town of Camden (the "Camden Defendants"); Harold K Brode and Diane M Rager, both of whom Plaintiff identified as Kent County Levy Court Register of Wills (the "Kent County Defendants"); and the law firm of Barros, McNamara, Malkiewicz & Taylor (the "Law Firm Defendant").[1]   Plaintiff, who states that she is "Bi-racial, being of African American and Native American Indian heritage and descent," (D.I. 1 at 4), alleges the following.   Following the death of Plaintiff's mother in 2010 and her stepfather in April 2019, her parents' estate was left to Plaintiff and her brother as beneficiaries.   However, Plaintiff and her brother were deprived of their parents' home, located at 148 Vining Run in

---

[1] Plaintiff named several other defendants, all of whom were previously dismissed for failure to effectuate service.   (D.I. 37, 38, 40).

1

Camden, Delaware (the "Property"), through a series of conspiratorial actions undertaken by the Camden Defendants and the Kent County Defendants, resulting in a "hostile 'adverse possession' situation involving a whole sleuth of unauthorized occupants (squatters) who found a collective way to misuse the property." (*Id.* at 14). Plaintiff asserts that "their court is in the 'fraud' mode for a judgment." (*Id.* at 15). In addition to the Hate Crime Statutes, Plaintiff appears to claim a violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of various Delaware criminal statutes, and violation of her rights under the First, Fourth, Ninth and Fourteenth Amendments. With regard to the Law Firm Defendant, Plaintiff alleges that she hired the Firm to prevent the fraudulent sale of the Property, and that the Firm "misrepresented themselves and, committed a fraudulent act." (*Id.* at 7). For relief, Plaintiff seeks $20 million in damages and the return of the Property to her.

The Camden Defendants, the Kent County Defendants, and the Law Firm Defendant each move to dismiss the Complaint, all arguing that Plaintiff has not, and cannot, state a claim against them. (D.I. 21, 25, 29). Plaintiff responded only to the Camden Defendants' motion to dismiss, arguing that her claims have merit. (D.I. 28). Plaintiff has also filed a letter request for replevin, seeking the return of the Property. (D.I. 42).

## II.   LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint."   *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).   A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted."   *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

Plaintiff's efforts to bring civil claims against Defendants under federal hate crime laws and Delaware criminal laws fail. The Third Circuit has long held that the hate crime laws relied upon by Plaintiff are criminal statutes, which do not confer private rights of action. *See United States v. City of Phila.*, 644 F.2d 187, 198-99 (3d Cir. 1980) (holding that there is no private right of action under 18 U.S.C. §§ 241, 242); *see also Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2017) (per curiam) (noting that "§ 242 is a criminal statute, through which no private cause of action is created); *Lusick v. Lawrence*, 378 F. App'x 118, 121 (3d Cir. 2010) (per curiam) ("Lusick's reliance on 18 U.S.C. § 241[,] [which] criminaliz[es] conspiracy to impede the exercise of federal rights[,] is inappropriate, as that statute does not give rise to a cognizable federal claim in a

4

civil suit."); *Walthour v. Herron*, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010)
(holding that there is no private right of action under 18 U.S.C. §§ 241, 242, or
245).   Similarly, to the extent she attempts to impose criminal liability upon
Defendants pursuant to Delaware Criminal Statutes, such as 11 Del. C. § 1304,
which criminalizes hate crimes, Plaintiff lacks standing to proceed.   *See Allen v.*
*Admin. Office of Pa. Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States*
*v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996).

Turning to Plaintiff's RICO claim, to advance a civil claim under RICO, she
must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of
racketeering activity."   *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004)
(citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)).   Under the
RICO statute, an "enterprise" is defined as "any individual, partnership,
corporation, association, or other legal entity, and any union or group of
individuals associated in fact although not a legal entity."   18 U.S.C. § 1961(4).
An association-in-fact enterprise is "a continuing unit that functions with a
common purpose."   *Valcom, Inc. v. Vellardita*, 2014 WL 1628431, at *5 (D.N.J.
Apr. 23, 2014) (quoting *Boyle v. United States*, 556 U.S. 938, 948 (2009)).   This
type of enterprise "requires three things: structure, continuity, and distinctness."
*Id.*   Although the three requirements are not necessary at the pleading stage, a
plaintiff must plausibly plead the existence of an enterprise structure to survive a

motion to dismiss.   *Id.* (internal citations and quotation marks omitted).   The

Supreme Court has stated that the definition of a RICO enterprise set forth in 18

U.S.C. § 1961(4) "has a wide reach, and the very concept of an association in fact

is expansive."   *Boyle*, 556 U.S. at 944 (internal citations omitted).   Here,

Plaintiff's allegations push the concept well beyond its permissible expansive

limits.   She simply fails to put forth any plausible factual allegations concerning a

RICO enterprise comprised of the Camden Defendants and Kent County

Defendants.

Furthermore, a "pattern of racketeering activity" requires at least two

"predicate acts."   *Lum*, 361 F.3d at 223; 18 U.S.C. § 1961(1), (5).   Plaintiff must

demonstrate "that the racketeering predicates are related, and that they amount to

or pose a threat of continued criminal activity."   *H.J. Inc. v. Northwestern Bell*

*Tel. Co.*, 492 U.S. 229, 240 (1989).   Continuity can be proved by showing "either

. . . a closed period of repeated conduct, or . . . past conduct that by its nature

projects into the future with a threat of repetition."   *Id.* at 241.   The Complaint

lacks sufficiently alleged predicate acts to constitute a pattern of racketeering

activity.

To the extent that Plaintiff sought to bring claims under 42 U.S.C. § 1983 for

violations of her constitutional rights, her claims fail.   As to the Camden

Defendants, when a local government is a defendant in a § 1983 case, a plaintiff

6

must show that the "execution of a [local] government's policy or custom . . .

inflict[ed] the injury" in question.   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

694 (1978).   Plaintiff has not alleged the existence of an unconstitutional practice

or policy implemented and executed by the Camden Defendants.   As to the Kent

County Defendants, she appears to allege that they engaged in fraudulent behavior,

which is not a constitutional violation.

      With regard to the Law Firm Defendant, Plaintiff also alleges only

fraudulent actions or breach of contract.   These claims sound in state law, not

federal law.   Because the Law Firm Defendant, like Plaintiff, is a Delaware

resident, the Court lacks diversity jurisdiction over these claims, *see* 28 U.S.C.

§ 1332(a), and, because the Court dismisses all federal claims against the Camden

Defendants and Kent County Defendants, the Court declines to exercise

supplemental jurisdiction over these claims, *see* 28 U.S.C. § 1967(c)(3).

      In short, it appears that Plaintiff is in the wrong court.   Accepting her

allegations as true, as the Court must, she has been defrauded out of her

inheritance.   All of her claims appear to sound in state law and can be heard in

that forum.   As is the case with the Law Firm Defendant, all other current and

possible defendants appear to be citizens of Delaware.   Therefore, this Court does

not have diversity jurisdiction over any potential state-law claims.   *See* § 1332(a).

Accordingly, because Plaintiff has failed to state a claim, the motions to dismiss will be granted.

## IV.   CONCLUSION

For the reasons discussed above, the Court will: (1) grant the Kent County Defendants' motion to dismiss (D.I. 21); (2) grant the Camden Defendants' motion to dismiss (D.I. 25); (3) grant the Law Firm Defendant's motion to dismiss (D.I. 29); and (4) deny Plaintiff's letter request for replevin (D.I. 42).

An appropriate order will be entered.